UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERNEST BREAULT,

                                                Plaintiff,

- vs -

CSX TRANSPORTATION, INC.,

                                                Defendant.

**STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY**

Civil Action No.
1:19-cv-00955-FJS-DJS

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Ernest Breault ("Plaintiff") and Defendant CSX Transportation, Inc. ("CSXT"), through their respective attorneys that:

1. For the purpose of this Order, "Confidential Information" shall mean any document or other information produced by Plaintiff or Defendant that is marked "Confidential" and is reasonably and in good faith considered to include sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential.

2. The parties shall identify documents containing Confidential Information by marking each page of the document with the label "Confidential."

3. Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representative may be designated "Confidential" at the deposition or within seven (7) business days after receipt of the transcript provided the testimony so designated concerns Confidential Information and/or describes documents which have been designated as "Confidential."

4. Either party may object to the other party's designation of documents as Confidential within a reasonable time after receiving such documents by notifying the other

party in writing of its objection. Upon receiving a written objection to the designation of a document as Confidential, counsel shall meet and confer in an effort to reach agreement on the propriety or scope of the designation in question. In the event that an agreement cannot be reached, the designating party shall have thirty (30) days in which to move for a protective order covering the documents. In all such cases, the designating party shall have the burden of demonstrating that the documents contain Confidential Information or are otherwise subject to protection under 29 C.F.R. § 18.52. Documents that are the subject of a dispute over whether they contain Confidential Information shall be treated as subject to this Protective Order until one of the following occurs: (a) the designating party withdraws its designation in writing; (b) the designating party fails to timely move for an order designating the documents as Confidential; or (c) the Court rules that the document does not contain Confidential Information and is not subject to this Protective Order.

5. No Confidential Information shall be used by any recipient for any purpose whatsoever other than for the preparation and trial of this action and any appellate proceedings relating thereto.

6. Confidential Information shall not be disclosed by any recipient to any person other than:

> a. The parties and counsel of record in this case, including in-house and outside counsel involved in this case and their legal staffs. The parties agree to limit disclosure of Confidential Information and the information contained therein to those staff persons necessary to prosecute or defend this action;

      b. Experts or consultants retained by counsel for the preparation or trial of this action;

      c. Any actual or proposed deponent or witness, only if such information is necessary to prepare that witness to testify, or to question the witness, at deposition or trial;

      d. The Court and its staff;

      e. Any third party who is engaged for the purpose of copying, organizing, converting, storing or retrieving documents potentially subject to this Protective Order (i.e., a copy service); and

      f. Any videographers and court reporters.

7. Any person to whom Confidential Information is disclosed shall first be advised by counsel making the disclosure that the material is being disclosed pursuant to this Protective Order and may be disclosed only to those persons authorized to have access pursuant to Paragraph 6 above, except as permitted by order of the Court or by the written agreement of the parties. Counsel shall secure for each person a written agreement, in the form annexed hereto as Exhibit A, stating that the person has read this Protective Order and agrees to be bound by it. Counsel shall maintain in its possession any such written agreements and shall provide them to opposing counsel at the conclusion of this litigation.

8. No person or entity bound by this Order shall disclose any Confidential Information or discuss its contents to or with anyone other than those individuals and entities listed in Paragraph 6 of this Order unless required to do so by law or compulsory legal process. If a party believes that disclosure of the other party's Confidential Information is required by law, that party shall challenge the confidentiality designation pursuant to the

procedures set forth in Paragraph 4 of this Order. If a party receives a subpoena or other compulsory legal process to which the other party's Confidential Information is responsive, that party shall notify the party that owns the Confidential Information of the subpoena or other compulsory legal process sufficiently in advance of the date upon which the disclosure is required to be made so that the party may seek Court intervention preventing the disclosure. Nothing in this Order shall be construed as requiring either party or its counsel to violate any law regarding disclosure of information.

9. This Protective Order will not apply to use of Confidential Information in any trial proceedings in open court or in any pretrial or trial filings made by the Court. The parties shall not be required to file Confidential documents or deposition testimony under seal unless the party that designated those documents or that deposition testimony as Confidential files a separate motion for a protective order requiring those documents or that deposition testimony to be filed under seal, and that motion is granted by this Court.

10. Each party shall notify opposing counsel in writing five (5) days before (a) submitting to the Court any of the other party's Confidential Information in support of a pleading, or (b) introducing the other party's Confidential Information at a hearing, trial or other proceeding in this action, such that opposing counsel may determine whether to seek the continued protected status of the document, material or other information in accordance with Paragraph 9 of this Order.

11. Nothing herein shall be construed as a waiver of the right to object to the request for any information sought by way of discovery or to the admissibility of any

testimony or evidence where such objections are based on grounds other than the fact that the testimony or evidence involves Confidential Information.

12. Nothing contained herein shall affect the rights of Plaintiff or Defendant with respect to his or its own documents or information.

13. Upon conclusion of the case (including the exhaustion of all appeals) and upon written request by an opposing party (within 30 days of the conclusion of the case), each party shall return to an opposing party all originals and all copies of any Confidential Information obtained during the case, or shall certify that they have been destroyed.

Dated: March 10, 2020

GARRISON, LEVIN-EPSTEIN, FITZGERALD
& PIRROTTI, P.C.

By: /s/ Stephen J. Fitzgerald
   Stephen J. Fitzgerald, Esq.
   Bar Roll #: 701230
405 Orange Street
New Haven, CT 06511
Tel: (203) 777-4425 (ext. 323)
Email: sfitzgerald@garrisonlaw.com
*Attorney for Plaintiff*

Dated: March 10, 2020

NIXON PEABODY LLP

By: /s/ Susan C. Roney
   Susan C. Roney, Esq.
   Bar Roll #: 103251
40 Fountain Plaza, Suite 500
Buffalo, New York 14202
Tel: (716) 853-8100
Email: sroney@nixonpeabody.com

*Attorneys for Defendant CSXT*

IT IS SO ORDERED:

_____
Daniel J. Stewart
U.S. Magistrate Judge

Dated: March 18, 2020
       Albany, NY

- 5 -

## **EXHIBIT A**

I have read the Stipulation and Protective Order (the "Protective Order") entered by the Court on _____, 2020 in *Ernest Breault v. CSX Transportation, Inc.* I understand the responsibilities and obligations the Order imposes on persons to whom the material encompassed by the Order is disclosed. So as to permit disclosure to me of the material encompassed by the Order, I hereby agree to comply with the Order and to submit to the jurisdiction of the Court with respect to enforcement of the Order.

This \_\_\_\_\_ day of _____, 20\_\_.

_____